# EXHIBIT A

TO PLAINTIFF'S ATTORNEY: PLEASE CIRCLE TYPE OF ACTION INVOLVED:
TORT - MOTOR VEHICLE TORT - CONTRACT - EQUITABLE RELIEF - OTHER

## COMMONWEALTH OF MASSACHUSETTS

HAMPDEN, ss

SUPERIOR COURT
DEPARTMENT OF THE TRIAL COURT
CIVIL ACTION NO.
2079 CV 287

356-364 Belmont Ave LLC, PLAINTIFF(S)

V.

SUMMONS

AmGuard Insurance Company, DEFENDANT(S)

To the above named defendant:

You are hereby summoned and required to serve upon Attorney Rich Herbert, plaintiff's attorney, whose address is 67 Hunt St., Suite 107, Agawam MA 01001, an answer to the complaint which is herewith served upon you, within 20 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You are also required to file your answer to the complaint in the office of the Clerk of this court at Springfield either before service upon the plaintiff's attorney or within a reasonable time thereafter.

Unless otherwise provided by rule 13(a), your answer must state as a counterclaim any claim which you may have against the plaintiff which arises out of the transaction or occurrence that is the subject matter of the plaintiff's claim or you will thereafter be barred from making such claim in any other action.

Witness, Judith Fabricant, Esq., at Springfield the _____ day of _____ in the year of our Lord two thousand .

Laura S. Gentile, Esquire
CLERK OF COURTS

NOTES:
1. This summons is issued pursuant to Rule 4 of the Massachusetts Rules of Civil Procedure
2. When more than one defendant is involved, the names of all such defendants should appear in the caption. If a separate summons is used for each defendant, each should be addressed to the particular defendant.

FORM No. 1

## PROOF OF SERVICE OF PROCESS

I hereby certify and return that on _____, 20____, I served a copy of the within summons, together with a copy of the complaint, in this action, upon the within named defendant, in the following manner (See Mass. R. Civ. P. 4 (d)(1-5):

Dated: _____, 20____

N.B. TO PROCESS SERVER:
PLEASE PLACE <u>DATE</u> YOU MAKE SERVICE ON DEFENDANT IN THIS BOX <u>ON THE ORIGINAL AND ON COPY SERVED ON DEFENDANT.</u>

(                              )
(                    , 20      )
(                              )

COMMONWEALTH OF MASSACHUSETTS
TRIAL COURT OF MASSACHUSETTS

HAMPDEN, ss.                                      SUPERIOR COURT DEPARTMENT
                                                  HAMPDEN DIVISION
                                                  CASE NO. 2079CV0000

---

356-364 BELMONT AVE LLC,

                *Plaintiff*,

v.

AMGUARD INSURANCE COMPANY,

                *Defendant.*

---

## COMPLAINT FOR RELIEF AND DECLARATORY JUDGMENT

Plaintiff, 356-364 Belmont Ave LLC, as and for its complaint against Defendant AmGUARD Insurance Company, asserts as follows:

### PARTIES

1.    Plaintiff 356-364 Belmont Ave LLC ("Plaintiff") is a domestic Massachusetts limited liability company with its principal place of business located in Chestnut Ridge, New York.

2.    The Defendant, AmGUARD Insurance Company ("Defendant" or "AmGuard"), is a Pennsylvania insurance company authorized to issue property and casualty insurance policies in Massachusetts with its principal place of business located in 16 South River Street, Wilkes-Barre, Pennsylvania.

### JURISDICTION AND VENUE

3.    Subject matter is proper in this Court pursuant to G. L. c. 231A § 1 and G. L. c. 223A § 3 because the claim at issue arises out of Defendant AmGuard's business transaction in the Commonwealth with the Plaintiff.

Page 1 of 7

4. Venue is properly situated in this Court as a substantial part of the events or omissions giving rise to this claim which took place in Hampden County, Commonwealth of Massachusetts.

## STATEMENT OF FACTS

5. In or around October 2016, the Plaintiff purchased a 30 unit residential rental building located at 356 Belmont Avenue ("the Premises") in Springfield, Massachusetts.

6. AmGUARD issued policy number THBP831346 to Plaintiff, providing insurance coverage for the Premises during the policy period July 10, 2017 to July 10, 2018 (the "Policy").

7. The Policy provides Business Property and Business Liability insurance to Plaintiff for covered claims occurring during the policy period.

8. Section I(A) of the Policy provides that "We [AmGUARD] will pay for direct physical loss of or damage to Covered Property at the premises described in the Declarations caused by or resulting from any Covered Cause of Loss."

9. The Policy's declaration page identifies the Covered Property as the Premises.

10. On or about June 18, 2018, Plaintiff suffered damage to Covered Property, as that term is defined in the Policy, at the premises described in the Policy's declaration page (the "Loss").

11. Plaintiff's damages were caused by a Covered Cause of Loss, as that term is defined in the Policy, including, but not limited to damage caused by water created openings after a severe rainstorm.

12. Plaintiff has suffered damages approximately in the amount of $1,700,000.00.

13. Plaintiff promptly reported the Loss to AmGUARD on June 18, 2018.

14. On or about June 22, 2018, AmGUARD or AmGUARD's agent conducted an on-site inspection of Plaintiff's property.

15. By letter dated June 25, 2018, AmGUARD notified Plaintiff that it was denying coverage for the Loss.

16. The Defendant did not properly investigate the claim.

17. The Defendant relied on improper speculation concerning the condition of the building at the time of the storm, without any prior inspection reports.

18. AmGUARD did not dispute that Plaintiff suffered damage to Covered Property, as that term is defined in the Policy.

19. AmGUARD did not dispute that Plaintiff promptly provided it with notice of loss.

20. AmGUARD asserted that Plaintiff's damages were not caused by a Covered Cause of Loss, as that term is defined in the Policy.

21. AmGUARD's declination of coverage was in violation of the Policy's terms.

22. On July 4, 2018, counsel for the Plaintiff submitted to the Defendant electronic correspondence pursuant to General Laws chapters 93A and 176D and demanded that the Defendant immediately meet its obligations under the insurance contract or face the statutory penalties.

23. The Defendant failed to respond directly to this correspondence.

## COUNT I
### Breach of Contract

24. Plaintiff repeats and realleges the assertions set forth in the preceding paragraphs.

25. The Policy is a valid and enforceable contract.

26. Plaintiff has complied with all of its obligations under the Policy.

27. Plaintiff suffered a loss within the coverage afforded by the Policy.

28. Pursuant to the terms of the Policy, AmGUARD was obligated to compensate Plaintiff for its loss.

29. AmGUARD breached its contractual obligation to pay the Plaintiff for its losses.

30. Plaintiff sustained monetary damages as a result of the forgoing material breach(es) by AmGUARD of the Policy, including, without limitation, monetary damages sufficient to confer jurisdiction upon this Court, as well as costs, interest, expenses and attorneys' fees.

## COUNT II
### Breach of Duty of Good Faith and Fair Dealing

31. Plaintiff repeats and realleges the assertions set forth in the preceding paragraphs.

32. AmGUARD had a duty(ies) to act in good faith and deal with Plaintiff fairly with respect to the terms and conditions of the Policy.

33. AmGUARD breached its duty(ies) to act in good faith and deal with Plaintiff fairly with respect to the terms and conditions of the Policy.

34. Plaintiff sustained monetary damages as a proximate result of the foregoing breach(es) of AmGUARD's duty(ies) to act in good faith and deal with Plaintiff fairly, including, without limitation, monetary damages sufficient to confer jurisdiction upon this Court, as well as costs, expenses and attorney's fees.

## COUNT III
### Violation of Chapter 93A and 176D of Massachusetts General Laws

35. Plaintiff repeats and realleges the assertions set forth in the preceding paragraphs.

36. AmGUARD committed unfair and deceptive acts and practices pursuant to Chapters 93A and 176D of the Massachusetts General Laws.

37. AmGUARD carried out an insufficient investigation and relied on insufficient grounds before issuing its disclaimer.

38. AmGUARD committed its unfair and deceptive acts and practices willfully and knowingly and in utter disregard for AmGUARD's obligation to provide coverage to Plaintiff pursuant to the Policy.

39. Plaintiff sustained monetary damages as a proximate result of the foregoing unfair and deceptive acts and practices of AmGUARD, including, without limitation, monetary damages sufficient to confer jurisdiction upon this Court, as well as costs, expenses and attorney's fees.

40. At least thirty days prior to commencing this action, Plaintiff delivered a written demand to AmGUARD, describing AmGUARD's unfair or deceptive act(s) or practice(s) and the injury suffered by Plaintiff. AmGUARD refused to take corrective action.

41. After receiving the Plaintiff's G.L.c. 93A demand for relief, AmGUARD failed to take appropriate steps to investigate the Plaintiff's contentions, in contravention of their insurance duties and obligations as stated in G.L.c. 176D. The policy clearly covered the type of loss that the Plaintiff had sustained.

42. Due to the willful and knowing nature of AmGUARD's unfair and deceptive acts and practices, Plaintiff is entitled to treble damages and attorney's fees, as against AmGUARD.

## COUNT IV
### Declaratory Judgment

43. The Plaintiff repeats and realleges the allegations set forth above.

44. An actual controversy has arisen between the Plaintiff and AmGUARD regarding the rights and responsibilities of the policy at issue.

45. Plaintiff promptly reported the Loss to AmGUARD on June 18, 2018.

46. On or about June 22, 2018, AmGUARD or AmGUARD's agent conducted an on-site inspection of Plaintiff's property.

47. By letter dated June 25, 2018, AmGUARD notified Plaintiff that it was denying coverage for the Loss.

48. The Defendant did not properly investigate the claim.

49. The Defendant relied on improper speculation concerning the condition of the building at the time of the storm, without any prior inspection reports.

50. AmGUARD did not dispute that Plaintiff suffered damage to Covered Property, as that term is defined in the Policy.

51. AmGUARD did not dispute that Plaintiff promptly provided it with notice of loss.

52. AmGUARD asserted that Plaintiff's damages were not caused by a Covered Cause of Loss, as that term is defined in the Policy.

53. AmGUARD's declination of coverage was in violation of the Policy's terms.

54. It would be inequitable to permit AmGUARD to disclaim coverage given the circumstances of this matter.

**WHEREFORE**, Plaintiff 356-364 Belmont Ave LLC prays for the following relief:

(a) Order and Judgment of this Court, with respect to Count I, granting an award of damages which were sustained by Plaintiff;

(b) Order and Judgment of this Court, with respect to Count II, granting an award of damages which were sustained by Plaintiff;

(c) Order and Judgment of this Court, with respect to Count III, granting an award of treble damages to Plaintiff plus reasonable attorney's fees;

(d) Order and Judgment of this Court, with respect to Count IV, adjudicate the controversy that has arisen between and among the parties and make a binding declaration of the rights, duties, and obligations of the parties; and

(e) Interpret and construe the policy at issue with respect to the amount of coverage available for the property loss in this matter; and

(f) Declare that the policy fully covers the loss sustained by the Plaintiff; and

(g) Declare that the Plaintiff's property was in compliance with the insurance contract and that no faulty conditions existed on the property sufficient to permit the Defendant to disclaim coverage; and

(h) Order and Judgment of this Court granting Plaintiff all costs, interest, expenses and attorney's fees incurred within the context of this Action; and

(i) Any other further relief as this Court may deem just and proper.

THE PLAINTIFF DEMANDS A TRIAL BY JURY.

RESPECTFULLY
THE PLAINTIFF
Through Counsel,

Dated: June 9, 2020

/s/ *Richard Herbert*
Richard L. Herbert
Rich Herbert Law, P.C.
BBO #694841
67 Hunt Street, Suite 107
Agawam, MA 01001
(413) 212-9849 Telephone
(413) 304-6000 Facsimile
Rich@RichHerbertLaw.com

Dated: June 9, 2020

/s/ *Brian Shea*
Brian Shea, Esq.
Law Office of Brian Shea
BBO #636029
67 Hunt Street, Suite 107
Agawam, MA 01001
(413) 439-1000 Telephone
Brian@BrianSheaLaw.com

| CIVIL TRACKING ORDER<br>(STANDING ORDER 1- 88) | DOCKET NUMBER<br>2079CV00287 | Trial Court of Massachusetts<br>The Superior Court |
|---|---|---|
| CASE NAME:<br>356-364 Belmont Ave LLC vs. Amguard Insurance Company | | Laura S Gentile, Clerk of Courts |
| TO: Richard Herbert, Esq.<br>Rich Herbert Law, P.C.<br>67 Hunt St Suite 107<br>Agawam, MA 01001 | | COURT NAME & ADDRESS<br>Hampden County Superior Court<br>Hall of Justice - 50 State Street<br>P.O. Box 559<br>Springfield, MA 01102 |

## TRACKING ORDER - F - Fast Track

You are hereby notified that this case is on the track referenced above as per Superior Court Standing Order 1-88. The order requires that the various stages of litigation described below must be completed not later than the deadlines indicated.

### STAGES OF LITIGATION                                            DEADLINE

| | SERVED BY | FILED BY | HEARD BY |
|---|---|---|---|
| Service of process made and return filed with the Court | | 09/09/2020 | |
| Response to the complaint filed (also see MRCP 12) | | 10/09/2020 | |
| All motions under MRCP 12, 19, and 20 | 10/09/2020 | 11/09/2020 | 12/08/2020 |
| All motions under MRCP 15 | 10/09/2020 | 11/09/2020 | 12/08/2020 |
| All discovery requests **and depositions** served and non-expert depositions completed | 04/07/2021 | | |
| All motions under MRCP 56 | 05/07/2021 | 06/07/2021 | |
| Final pre-trial conference held and/or firm trial date set | | | 10/04/2021 |
| Case shall be resolved and judgment shall issue by | | | 06/13/2022 |

**The final pre-trial deadline is not the scheduled date of the conference.** You will be notified of that date at a later time.
**Counsel for plaintiff must serve this tracking order on defendant before the deadline for filing return of service.**
This case is assigned to

| DATE ISSUED<br>06/11/2020 | ASSISTANT CLERK<br>Lois Cignoli | PHONE<br>(413)735-6016 |
|---|---|---|